

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Dan W. Jackson
District Attorney
Houston, Texas

Attention:  Mr. Conrad J. Landram

Dear Sir:                          Opinion No. O4925
                                   Re:  Filing fees in Harris County
                                        on transcript of a guardian-
                                        ship removed from another
                                        county.

     Your letter of October 12, 1942, requesting the
opinion of this department on the question whether or not
the County Clerk is authorized to charge a filing fee on a
transcript of guardianship removed from another county reads
in part as follows:

     ". . . .

     "I have not been able to find any authorities
on the question except the following statutes
which I list:

     "Chap. 14, Title 69, Guardian & Ward, Art.
4290 to 4295a V. C. S. A.

     "There is no express provision for the charg-
ing of filing fees by the clerk of the new county.
Art. 4292 requires all accrued costs to be paid to
the old county before the removal is effected.
Art. 4293 requires that the clerk of the old county
prepare and transmit to the new county both a tran-
script of the proceedings in the old county 'to-
gether with all the original papers in the case.'
Under Art. 4294 the removal is not effective until
the filing is completed in the new county and the
clerk of the new county files his certificate to
that effect in the old county.  Art. 4295 provides

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

that when the removal is effected the new county
shall proceed in the case 'as if it had been orig-
inally commenced in the said court; but it shall
not be necessary to record any of the papers in
the case that have been recorded in the court from
which the same has been removed.' It is to be
noted that the statute requires a second filing
in the new county but not a second recording in
the new county. This distinction is important be-
cause Art. 3930, Chap. 2, Title 61, V. C. S. A.
governing official fees of the county clerk pro-
vides both a filing fee and a recording fee as
follows:

> "'Filing each paper . . . . .. . .. $ .05
> Recording of papers required
> to be recorded by them in re-
> lation to estates of decedents
> or wards for each 100 words . .    .10
> Filing each paper except sub-
> poenas. . . . . . . . . . . . . . .    .05
> Docketing each application,
> complaint, petition or pro-
> ceeding to be charged but
> once. . . . . . . . . . . . . . .    .10
> Eavh certificate to any fact
> or facts contained in the rec-
> ords of his office with certi-
> ficate seal when not otherwise
> provided for. . . . . . . . . . .    .50
> Recording of papers required
> or permitted by law to be re-
> corded not otherwise provided
> for, including certificate and
> seal, for each 100 words. . . . .    .10'

"Art. 3930 taken alone will require the charging
of a filing fee for each original paper which has
been transmitted from the old county to the new coun-
ty. But it does not require the charging of a record-
ing fee for any of the original papers which are re-
quired by law to be recorded because these original
papers are not required to be recorded a second time.
It is plain that the statute did not consider the
transcript as a substitute for the original papers
and this indicates that the filing of the original
papers in the new county is an essential element of
the removal proceedings.

"Since the statute is mandatory in this command that the original papers be _filed_ in the new county and that the clerk of the new county certify this fact, I am of the opinion that the county clerk is required to charge a filing fee for each original paper filed in the county. Only in this way can the new county be paid for the service of the county clerk in performing one of the indispensable official services required by removal proceedings. This will not work a hardship on the estate in most cases because in most cases the removal is at the election of the guardian or some other person whose conceenience will be better served by removing the case to the new county. In other words, the removal is not for the convenience of the administrative machinery of the State or county.

". . . ."

We have carefully considered your request in connection with Chapter 14, Title 69 (Articles 4290-4295a, inclusive, Vernon's Annotated Civil Statutes) and Article 3930 Vernon's Annotated Civil Statutes. After making a careful search we have failed to find any case where the appellate courts of this State have discussed or passed upon the question presented in your inquiry. We agree with the conclusion reached by you that the County Clerk is required to charge a filing fee for each original paper filed in the county to which the guardianship has veen removed from another county.

Therefore, it is the opinion of this department that the County Clerk is authorized and required by the officer's salary law and the abovementioned statutes to charge a filing fee for each original paper filed in the county to which the guardianship has been removed from another county.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By: Ardell Williams
   Assistant

APPROVED OCT. 20, 1942
GERALD C. MANN
ATTORNEY GENERAL OF TEXAS

AW:mp

APPROVED OPINION COMMITTEE BY B.W.B.
CHAIRMAN

WJF